IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EDWARD LYNN MAYFIELD, #333429,** ) | | |
| Petitioner, ) | | |
| ) | | |
| v. ) | 3:07-CV-1461-M | |
| ) | | |
| **NATHANIEL QUARTERMAN, Director,** ) | | |
| **Texas Department of Criminal Justice,** ) | | |
| **Correctional Institutions Division,** ) | | |
| Respondent. ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated at the Ellis Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID), in Huntsville, Texas. Respondent is the Director of TDCJ-CID. The court did not issue process in this case, pending preliminary screening.

Statement of the Case: Petitioner is incarcerated pursuant to a judgment of conviction from Tarrant County, Texas, for a robbery offense. (Petition (Pet.) at p. 2). In 1981, he was

sentenced to life in prison. (*Id.*).

In this action, Petitioner does not challenge his conviction. Instead, he attacks a disciplinary case, No. #19990395354, which he received at the Wynn Unit on September 2, 1999. (*Id.* at p. 5). He received the following punishment as a result of the disciplinary action taken: (1) loss of 180 days of good time credits; (2) reduction in class from S-3 to L-1; and (3) 45 days of cell and commissary restriction. (*Id.*). Petitioner states that he attempted to exhaust his administrative remedies in May 2007, but that his step one was returned unprocessed because the "grievable time period ha[d] expired." (*Id.*, and Pet's Response to Show Cause Ord. at 3).

In his federal petition, filed on August 24, 2007, Petitioner alleges due process violations. Specifically, he asserts he was found guilty of the disciplinary violation although no evidence was presented by the charging officer that he knew of or participated in the transaction. He relies on the recent Fifth Circuit opinion in *Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007).[1]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The district court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see*

---

[1] For purposes of this recommendation, the petition is deemed filed on August 20, 2007, the date Petitioner signed it and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

The court has jurisdiction over the petition in this case because Petitioner was convicted and sentenced in a county within the Northern District of Texas. *See* 28 U.S.C. § 2241(d)(1); *Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000).

*also Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 1684 (2006).[2]

28 U.S.C. § 2244(d) provides in part as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Contrary to Petitioner's assertion, the one-year limitations period applies to habeas petitions challenging prison disciplinary proceedings. In *Kimbrell v. Cockrell,* 311 F.3d 361, 362-63 (5th Cir. 2002), the Fifth Circuit adopted the reasoning of *Story v. Collins,* 920 F.2d 1247, 1251 (5th Cir. 1991), and *Wadsworth v. Johnson,* 235 F.3d 959, 962 (5th Cir. 2000), to hold that the one-year statute of limitations is applicable to prison disciplinary proceedings. The Court stated that the proper method for calculating the start of the limitations period was the factual predicate date of § 2244(d)(1)(D). *Id.* at 363. The Court further stated that the factual predicate date is the date of the disciplinary hearing decision, and that the grievance procedure

---

    [2] On August 31, 2007, the court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case is not barred by the limitations period or why the statute of limitations should be tolled on equitable grounds. Petitioner filed a response to the court's show cause order on September 12, 2007.

will toll the statute of limitations period if grievances are timely filed. *Id.* at 364.

The disciplinary action at issue in this case became final for limitations purposes in September 1999, when Petitioner was found guilty and learned of the loss of good-time credits. *Id.* at 363. Since Petitioner did not file his step 1 grievance until 2007, he is not entitled to statutory tolling. *Kimbrell*, 311 F.3d at 364. Therefore, in this case the federal petition was due no later than September 2000. Yet Petitioner waited for an additional six and one-half years before filing the same.

In response to the court's show cause order, Petitioner explains that his claims are based on the March 21, 2007 decision in *Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007). In *Teague*, the Fifth Circuit Court of Appeals held *inter alia* that TDCJ cannot use Offense Code 15.0 (trafficking & trading offense) to punish a prisoner who has no knowledge of or participation in an unauthorized deposit into his trust account. *Id.* at 780.

Relying on *Teague*, Petitioner asserts that his habeas petition is timely under § 2244(d)(1)(C) because it was filed within one year of "[t]he date on which the constitutional right he is asserting was initially 'newly' recognized by the Fifth Circuit Court of Appeals . . . and was made retroactively applicable to all TDCJ's disciplinary cases involving a code 15.0 offense regardless of how long ago the disciplinary case was written." (Pet's Response to Show Cause Ord. at 3). In support, he appends an April 9, 2007 memorandum to all TDCJ prisoners from an attorney in Huntsville, Texas, urging prisoners to challenge their disciplinary cases for code 15.0 offenses on the basis of *Teague* regardless of how long ago the disciplinary case was written." (*Id.* at Exh. A).

Petitioner's reliance on subparagraph (C) lacks merit. Subparagraph (C) applies only to

4

Supreme Court's opinion which recognized new constitutional rights and made them retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C) (one-year period runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."). *Teague* is an opinion of the Fifth Circuit Court of Appeals, not the Supreme Court. Moreover, it did not recognize a new constitutional right.

Insofar as Petitioner relies on subparagraph (D) to argue that his claims did not arise until the issuance of the *Teague* opinion, his argument fares no better. Petitioner's claims arose under subparagraph (D) at the time of his disciplinary conviction, just as they did for the Petitioner in *Teague*. The *Kimbrell* opinion, as previously noted, supports this conclusion. *Kimbrell*, 311 F.3d at 363-64. Accordingly, the federal petition in this case is time barred absent equitable tolling.[3]

In response to the show cause order, Petitioner relies on his illiteracy and ignorance of the law at the time of the disciplinary proceedings in September 1999. (*See* Petit.'s Resp. to Show Cause Order at 1). He also alleges that he sought assistance from fellow inmates and prison officials in 2005 and 2006 to no avail. (*Id.*).

The court liberally construes the above assertions as a request to toll the one-year limitations period on equitable grounds. In *Lawrence v. Florida*, ___ U.S. ___, 127 S. Ct. 1079,

---

[3] It is interesting to note that the petitioner in *Teague* filed his federal habeas petition within less than one year of his December 2001 disciplinary case for the code 15.0 offense. *See Teague v. Dretke*, 7:02cv0248-R (N.D. Tex., Wichita Falls Div., filed Oct. 22, 2002).

1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Id.* In accord with *Lawrence*, the Fifth Circuit has held that "equitable tolling of the AEDPA limitations period is available "'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir. 2002) (quoting *Davis v. Johnson,* 158 F.3d 806, 810-11 (5th Cir.1998)); *see also Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir.), *cert. denied*, ___ S.Ct. ___, 2007 WL 2508931 (2007).

Petitioner's claim that he was illiterate at the time of his disciplinary is unsupported and conclusory. He does not provide any details on the extent and length of his illiteracy. Moreover, the Fifth Circuit has held that unfamiliarity of the law "due to illiteracy and or any other reason" does not "merit[] equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *see also Felder v. Johnson,* 204 F.3d 168, 172-73 (5th Cir. 2000) (ignorance of law and *pro se* status held insufficient to toll statute of limitations); *see also United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993) (holding pro se status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ).

The court further notes that Petitioner's case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. Apart from his illiteracy and unfamiliarity with the law at the time of his disciplinary case, Petitioner provides no explanation for the nearly seven-year delay in this case, which appears to have been of his own making. He merely states that in 2005 and 2006 he attempted to investigate his case through fellow inmates

and prison officials to no avail. It is well established that "equity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Therefore, Petitioner's request to toll the statute of limitations on equitable grounds should be denied.

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for a writ of habeas corpus be DISMISSED with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 20th day of December, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.